NOVEMBER 8, 1803.

# John Brown *v.* Rowland and Radcliff.

*Upon a writ of error to reverse a judgment of the Franklin District Court.*

1. Whether the instrument tendered in evidence is variant from the one stated in the declaration is a question of law for the court, and can not be referred to the jury.

2. In those cases where the law does not require a contract to be in writing, parol evidence is admissible to prove such portions of the contract as were not embraced in the writing.

3. Where, in a building contract, the parties agreed upon the size of the brick to be used, and the rule by which the work was to be measured, but omitted to embody these stipulations in the written memorial of their contract—*Held:* As it was an agreement which the law did not require to be written they could be proved by parol evidence.

4. It is contrary to established principles that both parties should claim damages in the same action.

5. In an action to recover the price for erecting a building, the defendant can not plead in bar, or by way of set off, that the building was not completed within the time specified in the contract, but must resort to his independent action for damages.

The first error alleged is: The court admitted the instrument of writing offered to support the declaration, as stated in the first bill of exceptions. The bill does not state particularly any reason on which this objection was founded; and, therefore, it can not be regarded.

The second error alleged is: The court left the question, whether the said instrument of writing was variant from the one stated in the declaration, to be decided by the jury. From the bill of exceptions, which has been mentioned, the objection appears to be well founded; and the reference made by the court to the jury was certainly improper and illegal.

The third error alleged is: The court rejected evidence, as stated in the second bill of exceptions. From this bill it appears the court would not admit a witness to prove what rule the parties, at the time of entering into the contract, intended should be pursued to ascertain the number of bricks put into the buildings; and to show what, at that time, was their intention with respect to the size of the brick. The articles of agreement do not contain any provision on either of these essential points; consequently, they must of necessity be ascertained by parol evidence. If nothing more definite could have been proven, they ought to have been adjusted by evidence of what was customary at the time of the contract. But as particular testimony was offered, of what was the intention of the parties on these points, it seems to this court that the court below erred in rejecting it; because, it would only have been an explanation which was inadvertently omitted to be inserted in the articles of agreement, and not an addition to, or alteration of, the contract.

It need only be further observed, that the plaintiffs in the district court having finished the principal buildings which they contracted to execute, and the defendant in that court not having declined to use them; the articles of agreement do not contain any stipulation which can be pleaded in bar to an action for compensation. If the execution is not conformable to contract, the price agreed on may be reduced; but if in any other respects the plain-

tiffs have not complied with their contract, the defendant must obtain redress by a separate action; for it would be contrary to established principles, that in the same suit damages should be assessed for both parties. Therefore, it was not proper for the defendant to have stated in his plea, that the buildings were not completed within the periods which had been stipulated. This observation supersedes the necessity of noticing the other errors which are alleged. The court will only suggest that there are some inaccuracies in the declaration, which, as the judgment must be reversed, ought to be corrected. Therefore, it is considered by the court, that the judgment aforesaid be reversed, annulled, and set aside; that the cause be remanded to the general court for new proceedings to be had therein, to commence by amending the declaration, which is ordered to be certified to the said court.